# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1501

FILED DATE: 12/9/2021 2:43 PM 20211125769

FILED
12/9/2021 2:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20211125769

15895893

2120 - Served     2220 - Not Served     2620 - Sec. of State
2121 - Alias Served   2221 - Alias Not Served   2621 - Alias Sec. of State
2320 - Service by Mail

Summons                     (03/17/21) CCM 0649 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### 1st MUNICIPAL DISTRICT, CIVIL DIVISION

Name All Parties

Lakisha Hampton

                  Plaintiff(s)

v.

Midland Credit Management, Inc.

                  Defendant(s)

c/o Illinois Corporation Service Co,
801 Adlai Stevenson Drive, Springfield, IL 62709

         Address of Defendants

Case No. 2021-M1-125769

Amount Claimed $ $2,500 plus attorney's fees and costs

Appearance Filing/Return Date _____

Status Date: 1/27/22

Trial Date: _____

Time 9:30 ⊙ AM ○ PM

Room: 1501

Please serve as follows: ○ Certified Mail ○ Sheriff Service ⊙ Alias (Plaintiff select one)

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required:

1. To file your appearance.

2. File your answer to the complaint before 9:00 am as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on page 3 of this form.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 4

Summons                                                                (03/17/21) CCM 0649 B

FILED DATE: 12/9/2021 2:43 PM 20211125769

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at HYPERLINK "http://www.cookcountyclerkofcourt.org" www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 21 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 21 days before the day for appearance.

**THERE IS A FEE TO FILE YOUR APPEARANCE**

⦿ Atty. No.: 62709

○ Pro Se 99500

Name: Chicago Consumer Law Center, P.C.

Atty. for (if applicable):

Plaintiff

Address: 33 N. Dearborn St., Suite 400

City: Chicago

State: IL    Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Witness: _____

12/9/2021 2:43 PM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of the Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 4

**Summons** (03/17/21) CCM 0649 C

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived. The Application for Waiver of Court Fees can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/Fee_Waiver.asp.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at the local circuit clerk's courthouse.

## NOTICE TO PLAINTIFF

You MUST select a return day of:

Not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
Not less than 40 or more than 61 after issuance of summons if amount claimed is in excess of $10,000.

## NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

For District 1 Cases Only:

2. On the specified Return Day, one of the following may occur:
   a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.
      i. If Plaintiff is not present, the case may be dismissed for want of prosecution.
      ii. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.
      iii. If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.
   b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on page 1 of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.
3. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

For District 2, 3, 4, 5, 6 Cases:

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.
5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.
6. On the specified Status/Trial Day, one of the following may occur:
   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.
   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an ex parte default judgment against you for the amount claimed.
   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 4

FILED DATE: 12/9/2021 2:43 PM 20211125769

FILED DATE: 12/9/2021 2:43 PM 20211125769

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
       OR
       ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Return Date: No return date scheduled
Hearing Date: 1/27/2022 9:30 AM
Location: Court Room 1501
Judge: Simon, John A.

**6-Person Jury**

FILED 15863250
12/7/2021 7:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## FIRST MUNICIPAL DISTRICT, CIVIL DIVISION

FILED DATE: 12/7/2021 7:41 PM 20211125769

| | |
|---|---|
| LAKISHA HAMPTON, <br><br>        **PLAINTIFF** <br><br>   v. <br><br><br> **MIDLAND CREDIT MANAGEMENT, INC.** <br><br>        **DEFENDANT** | Case No.: 20211125769 <br><br><br> Amount Claimed: **Statutory and/or actual damages up to $2,500 plus attorney's fees and costs under statute** <br><br> **JURY DEMAND** |

### COMPLAINT

Plaintiff, Lakisha Hampton, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA") and the Illinois Consumer Fraud Act, 815 ILCS 505/1 et. seq. ("ICFA"), for a finding that Defendant's actions violated Plaintiff's legal rights, and to recover damages for Defendant's violations thereof, and alleges:

### NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant

1

FILED DATE: 12/7/2021 7:41 PM  20211125769

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

5.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

6.      Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

7.      The failure to mark a disputed debt as disputed will cause harm to a consumer and influence their actions regarding the debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt

2

FILED DATE: 12/7/2021 7:41 PM 20211125769

will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

8.    "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, **or in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

## JURISDICTION AND VENUE

9.    Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

10.    Defendant collects debts from consumers in Illinois and has a registered agent in Illinois.

11.    Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.  In addition, Defendant regularly does business in this County.

## PARTIES

12.    Plaintiff, Lakisha Hampton ("Plaintiff") is a resident of the State of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt

FILED DATE: 12/7/2021 7:41 PM 20211125769

it alleged had been owed to Capital One Bank, N.A.. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

13.     Defendant, Midland Credit Management, Inc. ("MCM") is a Kansas based corporation that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

14.     Defendant MCM acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

## FACTUAL ALLEGATIONS

15.     According to Defendant, Plaintiff incurred a debt, originally to Capital One Bank, N.A. (the "Account").

16.     Plaintiff used the Account primarily for personal, family, and household purchases.

17.     The alleged Account is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

18.     Defendant claims that Plaintiff failed to make payments and the alleged account was charged off by the original creditor.

19.     Defendant claims that the original creditor sold, transferred or assigned the alleged debt to it for collections.

20.     Defendant subsequently began efforts to collect the Account.

4

FILED DATE: 12/7/2021 7:41 PM   20211125769

21.     In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Chicago Consumer Law Center, P.C., who, on July 29, 2021, sent a letter via fax to the Defendant, via Defendant's counsel which was representing it in a pending state court action, indicating that Plaintiff disputed the Account. (Exhibit A, Dispute Letter).

22.     The Defendant received Plaintiff's dispute shortly thereafter since it was sent to its attorney and agent, since Defendant was represented by counsel at Blitt & Gaines, P.C. in respect to the alleged account.

23.     Plaintiff's letter stated, in part, that the amount reported is not accurate.

24.     A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

25.     Thereafter, on October 19, 2021, Defendant communicated credit information regarding the Account to the TransUnion consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's TransUnion Report).

26.     Defendant failed to communicate that Plaintiff's Account was disputed when it communicated other information to TransUnion regarding the Account.

27.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any**

5

FILED DATE: 12/7/2021 7:41 PM 20211125769

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

28. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the Account to the credit reporting agency.

29. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

30. Defendant's false credit reporting defamed Plaintiff's credit reputation and adversely impacted Plaintiff's credit reputation.

31. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

33. Even though Defendant knew or should have known that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about

FILED DATE: 12/7/2021 7:41 PM    20211125769

Plaintiff to the TransUnion consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

34.     Because of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT

35.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

36.     Defendant communicated false and inaccurate credit information about Plaintiff in an attempt to force Plaintiff to pay a disputed debt, in violation of 225 ILCS 425/9(a)(22) and 225 ILCS 425/9(a)(35)  of the Illinois Collection Agency Act.

37.     Plaintiff was damaged by Defendant's illegal actions due to credit defamation and failing to report that the alleged debt was disputed.

## COUNT III-ILLINOIS CONSUMER FRAUD ACT

38.     Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

39.     Defendant violated Section 2 of ICFA by engaging in unfair acts in the

7

FILED DATE: 12/7/2021 7:41 PM 20211125769

course of conduct involving trade or commerce when dealing with Plaintiff.

40. Specifically, it was an unfair act and practice to communicate credit information about Plaintiff that was false, since Defendant communicated to consumer reporting bureaus that Plaintiff did not dispute the alleged debt, when he had in fact disputed it.

41. Defendant's conduct offends public policy as it demonstrates a practice of unfair and deceptive debt collection from consumers by communicating false information about their debts in an attempt to force them to pay the disputed debt.

42. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct

43. Plaintiff was damaged by Defendant because false credit information naturally lowers Plaintiff's credit rating. *See Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

44. Plaintiff has been forced to retain counsel to file suit against Defendant in an attempt to remediate and correct Defendant's false and inaccurate credit reporting.

FILED DATE: 12/7/2021 7:41 PM    20211125769

WHEREFORE, Plaintiff asks that the Court enter judgment in their favor and against Defendant as follows:

    A.  Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D.  Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act;

    E.  Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Consumer Fraud Act;

    F.  Injunctive relief against Defendant; and

    G.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:  */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY FIRM. ID. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

FILED DATE: 12/7/2021 7:41 PM   20211125769

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Bryan Paul Thompson*

One       of       Plaintiff's

Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

10

Return Date: No return date scheduled
Hearing Date: 1/27/2022 9:30 AM
Location: Court Room 1501
Judge: Simon, John A.

FILED DATE: 12/7/2021 7:41 PM   20211125769

FILED
12/7/2021 7:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20211125769
Courtroom, 1501
15863250

# EXHIBIT A

FILED DATE: 12/7/2021 7:41 PM    20211125769

**CHICAGO CONSUMER LAW CENTER, P.C.**
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602

**Midland Credit Management Inc.**
**c/o Blitt & Gaines P.C.**
**Fax: 847-499-7599**

Re:  **Our Client: Lakisha Hampton**
**Case Number: 2020-M6-003780**
**Account Number: 30038XXXX**
**Alleged Balance: $2,802.00**

*Sent via Fax on Thursday, July 29, 2021*

To Whom it May Concern:

This letter concerns our above referenced client, who is represented by our office with respect to communications regarding any and all debts you seek to collect, now or in the future, until notified otherwise by our office.

As legal representative for this client in regard to communications, all communication must be through our office, so please do not contact them directly. Our client also hereby revokes any prior express consent that may have been given to receive telephone calls, especially to Client's cellular telephones, from an Automated Telephone Dialing System, or a pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

Our client has stated that they do not believe that the amount that you are attempting to collect is accurate. However, we will pass any settlement demands on to them.

If you have any questions or need assistance in locating our client's file, please do not hesitate to contact us.

Sincerely,

*s/ Rob Harrer*

Chicago Consumer Law Center, P.C.
33 N. Dearborn St., Suite 400
Chicago, IL 60602

FILED DATE: 12/7/2021 7:41 PM   20211125769

# EXHIBIT B



FILED DATE: 12/7/2021 7:41 PM    20211125769

## To start a dispute online, <u>click here</u>.

Personal Credit Report for:

**LAKISHA HAMPTON**

---

File Number:

███████████

---

Date Created:

**11/18/2021**

## 👤 Personal Information

You have been on our files since 08/01/2002. Your SSN has been masked for your protection.



FILED DATE: 12/7/2021 7:41 PM   20211125

**MIDLAND CREDIT MANAGEMENT INC**
30038****

| | |
|---|---|
| Address | Phone |
| 320 EAST BIG BEAVER,SUITE 300 | (877) 822-0381 |
| TROY, MI 48083 | |

| | |
|---|---|
| Date Opened | Responsibility |
| 12/21/2018 | Individual Account |
| Account Type | Loan Type |
| Open Account | DEBT BUYER |
| Balance | Date Updated |
| $2,802 | 10/19/2021 |
| High Balance | Original Creditor |
| $2,802 | CAPITAL ONE BANK USA N A |
| Past Due | Pay Status |
| $2,802 | >In Collection< |

| | |
|---|---|
| Estimated month and year this item will be removed | Remarks |
| 05/2025 | >PLACED FOR COLLECTION< |